*(margin note: Tuesday, November 10.)*

---

## SHELBY, Administratrix, *v.* THE GOVERNOR, for the use of NEWMAN.

A sheriff's acknowledgment that he had collected money on an order of sale, cannot be proved to sustain an action for the money against the sheriff's surety, unless the acknowledgment was made whilst the sheriff was acting officially in relation to the receipt of the money.

ERROR to the *Clark* Circuit Court.—For the cause of action and the defence in this case, see *The Governor* v. *Shelby*, ante, p. 26.

*(margin note: Thursday, November 12.)*

*(margin reference box: 2b 289 / 152 654 / 152 655)*

Nov. Term, 1829.

O'BRIEN
v.
DANIEL.

HOLMAN, J.—On the trial, the plaintiff introduced a witness to prove that *Weathers* told him, that he had collected the money in controversy. To the admission of which testimony the defendant objected, but the Court were divided on the question and the testimony went to the jury; to which the defendant excepted. The plaintiff had a verdict and judgment, which judgment the defendant seeks to reverse by writ of error. Agreeably to the decision in the case of *Hotchkiss* v. *Lyon and others*, *May* term, 1829 (1), and the cases there cited, the admissions or declarations of a principal are not evidence against a surety, unless such admissions or declarations form a part of the transaction in which the principal, as such, *is engaged.* If *Weathers*, while officially acting in relation to the receipt of this money, stated that he had received it, such statement would form a part of the *res gestæ*, and would be evie to prove the act of receiving; and would therefore be admissible against his sureties. But declarations made by him at any subsequent period, would have no connection with the act, and could not be introduced as evidence of the act, so as to bind his sureties; for it is his acts, and not his admissions or declarations, for which his sureties are bound. As the statement of *Weathers*, that he had collected this money, is not connected by the testimony, with any act of his relative to this order of sale, or any money collected by him on this order, it was inadmissible as evidence against the defendant in this case.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Howk* and *Dewey*, for the plaintiff.
*Thompson*, for the defendant.

(1) Ante, p. 222.